UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT CONNER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1258 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

On November 30, 2007, a jury found movant guilty on thirty-six counts of bank fraud and unauthorized use of a credit access device. On February 20, 2008, the Court sentenced movant to 114 months' imprisonment, to be followed by five years of supervised release. The Court further entered judgment in favor of the government and against movant in the amount of $1,213,970.58. Movant did not file an appeal.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006).

However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant claims that his § 2255 motion is timely under subsection (f)(4). Movant claims that within the last year he found out that one of the government's witnesses, Shamar Daugherty, pled guilty to failure to file income tax returns.[1] Movant argues that the prosecutors in his case must have known that Daugherty was

---

[1] See United States v. Daugherty, 4:10CR299 TCM (E.D. Mo.), for the charges against Daugherty.

not paying his taxes and that Daugherty was therefore motivated to lie at movant's trial to curry favor with the government. Movant maintains that he could not have known about these alleged dealings between Daugherty and the prosecution until after Daugherty's guilty plea was announced.

Movant's argument is unpersuasive. Daugherty was not charged by information until June 7, 2010, nearly two-and-one-half years after movant was convicted. As a result, Daugherty's guilty plea does not give rise to an inference that the prosecutors in movant's case were aware of any wrongdoing by Daugherty, and movant has failed to demonstrate that the limitations period began running in this action when Daugherty's guilty plea was announced.

Movant's limitations period began to run when his conviction became final on or about March 3, 2008. Therefore, the limitations period ended on or about March 3, 2009. Movant did not file the instant action until July 15, 2011, which is more than two years after the limitations period ended.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed.

Dated this 26th day of July, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE