# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT CONNER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1258 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Robert Conner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Show Cause Order of January 3, 2013.

## PROCEDURAL HISTORY

On January 25, 2007, the grand jury returned a thirty seven count indictment against Movant. Movant was charged with bank fraud and the fraudulent and fraudulent use of Unauthorized Use of a Credit Access Device, in violation of 18 U.S.C. §§1344 and 2 and 18 U.S.C. § 1029(a)(2) and 2. The Indictment contained a forfeiture count in addition. A jury convicted Movant of all counts.

On February 20, 2008, Movant appeared before this Court for sentencing. The Court sentenced Movant to a term of imprisonment of 114 months. The Court

also imposed a term of Supervised Release of five years. Movant did not appeal his conviction

Movant filed this Motion for Post-Conviction Relief pursuant to Title 28 U.S.C. Section 2255 on July 18, 2011.

## CLAIMS FOR RELIEF

Movant has raised a single ground for post-conviction relief: the government did not meet its constitutional obligations to provide material under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), in that the government failed to disclose information concerning tax offenses committed by Shamar Daugherty, a witness for the prosecution.

## STANDARD FOR RELIEF UNDER 28 U.S.C. 2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'"

*United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## DISCUSSION

**RIGHT TO EVIDENTIARY HEARING**

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d

3

343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claim can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## ALLEGED CONSTITUTIONAL VIOLATION

Movant seeks post-conviction relief because he claims the government's failure to disclose information regarding Shamar Daugherty violated its obligations. Under *Brady,* the government must disclose any evidence both 'favorable to an accused' and '*material* either to guilt or to punishment.' " *United States v. Whitehill,* 532 F.3d 746, 753 (8th Cir.), *cert. denied,* --- U.S. ----, 129 S.Ct. 610, 172 L.Ed.2d 466 (2008) (quoting *Brady,* 373 U.S. at 87, 83 S.Ct. 1194) (emphasis added). "Under *Giglio v. United States,* 405 U.S. 150, 153-55, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), the government must disclose matters that affect the credibility of prosecution witnesses." *United States v. Morton,* 412 F.3d 901, 906 (8th Cir.2005). "[F]or example, a defendant is entitled to know of a promise to drop charges against a key witness if that witness testifies for the government." *Id.* However, the nondisclosure of *Giglio* evidence only justifies a retrial if the

4

withheld information is deemed material. *United States v. Garcia*, 562 F.3d 947, 952 (8th Cir. 2009).

> Undisclosed *Brady/ Giglio* information is deemed material so as to justify a retrial only if there is a reasonable probability that, had it been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability of a different result is shown when the government's failure to disclose undermines confidence in the outcome of the trial. *Id.* at 953.

*U.S. v. Jeanpierre*, 636 F.3d 416, 423 (8th Cir. 2011).

Although Movant argues that the material could have been used to impeach Daugherty, at the time of trial, the misdemeanor investigation was not completed and resolved until 2010, years after Movant's trial. Moreover, Movant has failed to establish that the undisclosed information was material. The evidence against Movant at trial was substantial and abundant. There is no reasonable probability that had the Daugherty investigation been disclosed, the result of the trial, *i.e.,* Movant's conviction, would have been different.

**CERTIFICATE OF APPEALABILITY**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently,

5

or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. No. 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 22nd day of August, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE